**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4802**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOURDES TERRAZAS-SILAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:19-cr-00127-LMB-1)

Submitted: June 26, 2020                     Decided: July 7, 2020

Before AGEE, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Anthony W. Mariano, Special Assistant United States Attorney, Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lourdes Terrazas-Silas appeals her conviction for illegal reentry after being removed, in violation of 8 U.S.C. § 1326(a) (2018). Terrazas-Silas challenges the district court's finding that her indictment was issued within the five-year statute of limitations. She also challenges the entry of the underlying expedited removal order, arguing that it was fundamentally unfair. 8 U.S.C. § 1326(d)(3) (2018). We affirm.

Illegal reentry cases under § 1326(a) are subject to a five-year limitations period. *United States v. De Leon-Ramirez*, 925 F.3d 177, 182 (4th Cir. 2019). "[T]his period starts running when the crime is complete." *Id*. (internal quotation marks omitted). An illegal reentry crime is "complete when a noncitizen, after being deported, is at any time found in the United States without official permission." *Id*. (internal quotation marks omitted). Assuming that the Government bore the burden of proof, we conclude that the evidence shows that federal authorities were unaware of Terrazas-Silas' illegal presence in the United States until August 2016. Thus, the April 2019 indictment was issued within the statute of limitations.

"In a criminal proceeding for illegal reentry, the existence of a removal order usually is enough to meet the government's burden of establishing the defendant's prior removal or deportation." *United States v. Cortez*, 930 F.3d 350, 356 (4th Cir. 2019). In *United States v. Mendoza-Lopez*, 481 U.S. 828 (1987), the Supreme Court held that "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal

offense." *Id.* at 838. If the alien is deprived of the right to have the disposition in a removal proceeding judicially reviewed, "review [must] be made available in any subsequent proceeding in which the result of the deportation proceedings is used to establish an element of a criminal offense." *Id.* at 839.

Under 8 U.S.C. § 1326(d) (2018), titled "Limitation on collateral attack on underlying deportation order," Terrazas-Diaz needed to show that (1) she exhausted "any administrative remedies that may have been available to seek relief against the order," (2) the deportation proceedings "improperly deprived [her] of the opportunity for judicial review," and (3) "the entry of the order was fundamentally unfair." § 1326(d). She must satisfy all three requirements in order to prevail. *United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005).

"To demonstrate fundamental unfairness in the entry of the removal order, [Terrazas-Diaz] must show that (1) [her] due process rights were violated by defects in [her] underlying deportation proceeding, and (2) [s]he suffered prejudice as a result of the defects." *United States v. Lopez-Collazo*, 824 F.3d 463, 460 (4th Cir. 2016) (internal quotation marks omitted). "Due process requires, at a minimum, that an alien be given (1) notice of the charges against [her], (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." *Id.* at 461 (internal quotation marks omitted). Thus, to establish prejudice, Terrazas-Diaz must show that she "suffered actual prejudice as a result of the due process violations in the removal proceedings." *Id.* at 462 (emphasis omitted) (citing *El Shami*, 434 F.3d at 665 ("[A defendant] has to show under the fundamental unfairness requirement . . . that the deficiencies in the deportation

3

proceedings caused [her] actual prejudice.")). Specifically, she "must show that, but for the errors complained of, there was a reasonable probability that [s]he would not have been deported." *El Shami*, 434 F.3d at 665. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Fulks*, 683 F.3d 512, 517 (4th Cir. 2012) (internal quotation marks omitted). "This is not a generalized showing of prejudice; rather, the defendant must link the actual prejudice [s]he claims to have suffered to the specific due process violation at issue." *Lopez-Collazo*, 824 F.3d at 462. Terrazas-Silas asserts that there is a reasonable probability that she would have been given permission to withdraw her application for admission and allowed to return to Bolivia without an order of removal. Upon our review of the record and the district court's findings, we conclude that Terrazas-Silas failed to demonstrate a reasonable probability that a formal request to withdraw her application for admission would have been granted by the immigration officer.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*